1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   EDWARD W. SEO, SB# 256899
2      E-Mail: Edward.Seo@lewisbrisbois.com
   JONG WON YANG, SB# 328940
3      E-Mail: Kevin.Yang@lewisbrisbois.com
   633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for PAX ASSIST INC.

8              UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARIO C. ZAPATA, an individual,<br><br>        Plaintiff,<br><br>   vs.<br><br>DELTA AIR LINES, a corporation; GLOBAL BAGGAGE EXPEDITER, a corporation; GLOBAL AIRCRAFT DISPATCH, a corporation; PAX ASSIST, a corporation,<br><br>        Defendants. | CASE NO. 2:22-cv-04584-MEMF-MRW<br><br>**NOTICE OF MOTION AND DEFENDANT PAX ASSIST INC.'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(2), FRCP 12(b)(3), AND FRCP 12(b)(6), OR IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §§ 1406(a) OR 1404(a)**<br><br>Honorable Maame Ewusi-Mensah Primpong<br>   First Street Courthouse,<br>   350 West 1st Street,<br>   Los Angeles, California 90012.<br><br>Date: Thursday, February 9, 2023<br>Time: 10:00 a.m.<br>Courtroom 8B |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 9, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8B of the above-entitled Court located at the First Street Courthouse, 350 West 1st Street, Los Angeles, California, before the Honorable Maame Ewusi-Mensah Primpong, moving parties, Defendant PAX ASSIST INC. (hereinafter "Defendant") will make this motion to move this

Court for an order dismissing Plaintiff MARIO C. ZAPATA' (hereinafter "Plaintiff") Complaint (hereinafter "Complaint") under three grounds: (1) for improper venue pursuant to Fed. R. Civ. P. 12(b)(3); (2) for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); (3) for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6); and (4) in the alternative, to transfer venue pursuant to 28 U.S.C. §§ 1406(a) or 1404(a).

This motion will be based upon this notice, the accompanying Memorandum of Points and Authorities, the Declaration of Yatrice Fleurimond, and papers filed herein, and upon such further oral and documentary evidence as may be presented at the hearing on this motion.

DATED: December 2, 2022

EDWARD W. SEO
JONG WON YANG
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Jong Won Yang
JONG WON YANG
Attorneys for Defendant, PAX ASSIST INC.



4868-5367-8913.1

DEFENDANT PAX ASSIST INC.'S NOTICE OF MOTION TO DISMISS – FRCP 12(B)(2), FRCP 12(B)(3), AND FRCP 12(B)6) OR IN THE ALTERNATIVE TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §§ 1406(A) OR 1404(A)

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................. 2

III. LEGAL ARGUMENT ........................................................................................ 3

A. DISMISSAL OF THIS SUIT FOR IMPROPER VENUE IS WARRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3) ................................................................................. 3

B. DISMISSAL OF THIS SUIT FOR LACK OF PERSONAL JURISDICTION IS WARRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2) ................................................. 5

a. California Courts Have No General Jurisdiction Over Defendant Because Defendant is Not "Essentially at Home" in this State ................... 5

b. Defendant Does Not Have the Minimum Contacts Necessary with California that Could Ever Give Rise to Specific Jurisdiction .................. 6

C. DISMISSAL OF THIS SUIT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED IS WARRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) ................................................................................. 7

D. IN THE ALTERNATIVE, TRANSFER OF THIS ACTION TO THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK UNDER 28 U.S.C. §§ 1406 AND 1404 IS WARRANTED ................................................................................. 9

IV. CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*AMA Multimedia, LLC v. Wanat*,
  970 F.3d 1201 (9th Cir. 2020) ............................................................................... 3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................. 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................. 8

*Boswell v. Skywest Airlines, Inc.*,
  361 F.3d 1263 (10th Cir. 2004) ............................................................................ 9

*Cahen v. Toyota Motor Corp.*,
  2015 U.S. Dist. LEXIS 159595 (N.D. Cal. Nov. 25, 2015) (Orrick, J.) ............... 7

*Columbia Pictures Tv v. Krypton Broad. of Birmingham, Inc.*,
  106 F.3d 284 (1997) .............................................................................................. 3

*Core-Vent Corp. v. Nobel Indus*.
  AB, 11 F.3d 1482 (9th Cir. 1993) ......................................................................... 7

*Cummings v. Premier Rehab Keller*,
  P.L.L.C., 142 S.Ct. 1562 ....................................................................................... 9

*Groten v. California*,
  251 F.3d 844 (9th Cir. 2001) ................................................................................ 9

*Johannsen v. Brown*,
  788 F. Supp. 465 (D.Or. 1992) ............................................................................. 3

*Johnson v. Riverside Healthcare Sys.*,
  534 F.3d 1116 (9th Cir. 2008) .............................................................................. 8

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ................................................................................ 5

*Lawler v. Tarallo*,
    No. C 13-03284 MEJ, 2013 U.S. Dist. LEXIS 152412, 2013 WL
    5755685 (N.D. Cal. Oct. 23, 2013) .................................................................... 4

*Lopez v. Jet Blue Airways*,
    662 F.3d 593 (2d Cir. 2011) .............................................................................. 9

*Lou v. Belzberg*,
    834 F.2d 730 (9th Cir. 1987) ......................................................................... 5, 6

*Love v. Delta Air Lines*,
    310 F.3d 1347 (11th Cir. 2002) ......................................................................... 9

*Martinez v. Aero Caribbean*,
    764 F.3d 1062 (9th Cir. 2014) ............................................................................ 6

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015) ........................................................................ 6, 7

*Segalman v. Southwest Airlines Co.*,
    895 F. 3d 1219 (9th Cir. 2018) ........................................................................... 9

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ............................................................................ 8

*Stokes v. Southwest Airlines*,
    887 F.3d 199 (5th Cir. 2018) ............................................................................. 9

*Woodke v. Dahm*,
    70 F.3d 983 (8th Cir. 1995) ............................................................................... 4

### **STATUTES**

28 U.S.C. § 1391(b) ............................................................................................. 3, 4, 5

28 U.S.C. § 1391(b)(1) ................................................................................................ 4

28 U.S.C. § 1391(b)(2) ................................................................................................ 4

28 U.S.C. § 1391(d) .................................................................................................... 3

28 U.S.C. § 1404 ............................................................................................... 1, 5, 10

28 U.S.C. § 1404(a) .................................................................................................... 5

28 U.S.C. § 1406 ............................................................................................... 1, 4, 10

28 U.S.C. § 1406(a) ...................................................................................... 1, 2, 3, 4

29 U.S.C. §§ 701 et seq. ....................................................................................... 2, 8

29 U.S.C. § 794a ....................................................................................................... 9

42 U.S.C. §§ 12101 et seq. ................................................................................... 2, 8

49 U.S.C. § 41705 ................................................................................................. 2, 8

49 U.S.C. § 41705(a) ................................................................................................ 9

Americans with Disabilities Act ....................................................................... 2, 8, 9

Air Carrier Access Act ......................................................................................... 2, 9

Rehabilitation Act ............................................................................................ 2, 8, 9

## **OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) ............................................................................................... 8

Fed. R. Civ. P. 12(b)(2) ................................................................................ 1, 2, 6, 10

Fed. R. Civ. P. 12(b)(3) .................................................................................. 1, 2, 3, 10

Fed. R. Civ. P. 12(b)(6) ................................................................................ 1, 2, 8, 9, 10



4868-5367-8913.1                                iv

POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS – FRCP 12(B)(2), FRCP 12(B)(3), AND FRCP 12(B)6); IN THE ALTERNATIVE TO TRANSFER VENUE - 28 U.S.C. §§ 1406(A) OR 1404(A)

# MEMORANDUM OR POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff MARIO C. ZAPATA' (hereinafter "Plaintiff") is a pro se complainant who claims to be injured at John F. Kennedy Airport in the State of New York. Defendant PAX ASSIST INC. (hereinafter "Defendant") is a company hired to assist wheelchair passengers at John F. Kennedy Airport in the State of New York. Defendant is incorporated in the State of New York, and has its principal place of business in New York. Defendant has been operating its business nowhere else but in New York. Other entities, named Defendants GLOBAL BAGGAGE EXPEDITER, INC. and GLOBAL AIRCRAFT DISPATCH INC., are not viable entities and are not subject to any jurisdiction.

A review of Plaintiff's Complaint shows how Plaintiff fell short to satisfy the requirement for the Central District of California to be the proper venue of the instant action. Besides the fact that Plaintiff resides in the Central District of California, no other substantial nexus to the Central District of California can be inferred from Plaintiff's complaint. While Plaintiff flew in a commercial aircraft from Los Angeles to New York City, the alleged actions did not occur in California nor in the airspace directly above the Central District of California. All of the alleged actions and conduct by Defendant occurred after the aircraft landed in New York.

Simply stated, the case belongs, if at all, in the State of New York and not in this Central District of California. Defendant hereby moves to dismiss this matter on the basis of improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

Further, Defendant is not at home in California nor directed any activities to the state that could support the exercise of specific jurisdiction in this action. Thus, the court lacks general and specific jurisdiction over Defendant. Thereby, the instant action must be dismissed based on Fed. R. Civ. P. 12(b)(2).

Dismissal of instant action is warranted under Fed. R. Civ. P. 12(b)(6). A motion to dismiss may be brought where a complaint fails to state a claim upon which

relief can be granted. Here, Plaintiff alleges violations of the Americans with Disabilities Act, the Rehabilitation Act fail, and the Air Carrier Access Act where the sole remedy for these Acts in this case is injunctive relief.

In the alternative, Defendant moves to transfer this matter from the present Court to the United States District Court, Eastern District of New York pursuant to 28 U.S.C. §§ 1406(a) or 1404(a). Defendant is incorporated in the State of New York and the events or omissions giving rise to the claim occurred in New York. Only New York has a proper venue and New York is best suited to adjudicate this matter as the alleged breach, acts and omissions occurred in New York.

For these reasons, Defendant respectfully requests that this Court dismiss this case for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for failure to state a claim which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, transfer venue to the United States District Court, Eastern District of New York pursuant to 28 U.S.C. §§ 1406(a) or 1404(a).

## II. STATEMENT OF FACTS

Plaintiff resides in the State of California. Defendant is New York corporation with its principal place of business in the State of New York. Plaintiff alleges Federal Civil Rights violations, 42 U.S.C. §§ 12101 et seq., 29 U.S.C. §§ 701 et seq., and 49 U.S.C. § 41705 against Defendant. Plaintiff further alleges Defendant's violations led to Plaintiff being irreparably harmed by causing tears to the rotator cuff of Plaintiff's right shoulder.

Plaintiff alleges that on or around July 3, 2019, Plaintiff flew from Los Angeles to New York City via commercial aircraft operated by Delta Air Lines. Upon arrival at the John F. Kennedy Airport, Plaintiff, as a wheelchair bound passenger, waited for assistance to deplane. Plaintiff alleges that he suffered tears to the rotator cuff of his right shoulder while he was getting assistance to deplane on his wheelchair as his shoulder got caught on the aisle seats multiple times due to the narrow aisle.

## III. LEGAL ARGUMENT

### A. DISMISSAL OF THIS SUIT FOR IMPROPER VENUE IS WARRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3)

Fed. R. Civ. P. 12(b)(3) permits a defendant to move for dismissal of an action where venue is improper. In addition, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff simply brought an instant matter in the Central District of California solely because Plaintiff resides in such jurisdiction. However, Plaintiff's position is inaccurate. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in the following judicial districts:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"The Ninth Circuit interprets this statutory provision to allow venue 'in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.'" *Autodesk, Inc. v. Kobayashi + Zedda Architects Ltd.*, 191 F. Supp. 3d 1007, 1021, citing and quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010), quoting in turn *Columbia Pictures Tv v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (1997), citing *Milwaukee Concrete Studios v. Fjeld Manufacturing Co.*, 8 F.3d 441, 445-47 (7th Cir. 1993); *Johannsen v. Brown*, 788 F. Supp. 465, 469 (D.Or. 1992).

A corporate defendant resides in a district if they have engaged in intentional conduct "expressly aimed" towards a district that caused "harm that the defendant

[knew was] likely to be suffered" there. *AMA Multimedia, LLC v. Wanat,* 970 F.3d 1201, 1209 (9th Cir. 2020); *see* 28 U.S.C. § 1391(d) (explaining that a defendant resides in a district if their contacts would be "sufficient to subject it to personal jurisdiction if that district were a separate State").

Here, Plaintiff's choice of venue fails to satisfy any of the above venue requirements. The Central District of California surely is not a venue where the "defendant resides" or where "a substantial part of the events or omissions" occurred. Defendant is incorporated in the State of New York, and has its principal place of business in the State of New York. Further, Defendant does not operate any business, holds any offices, and/or has any conduct "expressly aim" in California. If a defendant does not expressly aim its conduct towards a particular district, the defendant does not reside within the district and venue is improper. *See* 28 U.S.C. §1391(b)(1). The Section 1391(b) certainly does not provide for venue where the Plaintiff is located.

Under 28 U.S.C. § 1391(b)(2), venue is proper in the district where "a substantial part of the events or omissions giving rise to the claim occurred." This substantiality inquiry focuses on the "relevant activities of the defendant, not of the plaintiff." *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). "Only the events that directly give rise to a claim are relevant." *Lawler v. Tarallo*, No. C 13-03284 MEJ, 2013 U.S. Dist. LEXIS 152412, 2013 WL 5755685, at *3 (N.D. Cal. Oct. 23, 2013) (simplified). Indeed, Plaintiff asserts that the injury occurred while he was receiving assistance to deplane after the aircraft landed in the John F. Kennedy Airport. Plaintiff's allegations support venue in New York under 28 U.S.C. § 1391(b)(2), as the events or omissions giving rise to the claim – namely, the underlying lawsuit on which the claim is based – occurred in New York. Thereby, venue is proper in New York, and the case should be dismissed on that basis.

/ / /

/ / /

4868-5367-8913.1

4

POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS – FRCP 12(B)(2), FRCP 12(b)(3), AND FRCP 12(B)6) OR TO TRANSFER VENUE - 28 U.S.C. §§ 1406(A) OR 1404(A)

## B. DISMISSAL OF THIS SUIT FOR LACK OF PERSONAL JURISDICTION IS WARRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)

### a. California Courts Have No General Jurisdiction Over Defendant Because Defendant is Not "Essentially at Home" in this State

General or "all-purpose" jurisdiction "permits a court to hear any and all claims against a defendant, whether or not the conduct at issue has any connection to the forum." *Ranza v. Nike, Inc*., 793 F.3d 1059, 1068 (9th Cir. 2015) (internal quotation marks omitted). General jurisdiction is the broadest type of jurisdiction and "allows a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (internal citations and quotation marks omitted)). If plaintiff here is invoking general jurisdiction, he must "meet an 'exacting standard' for the minimum contacts required." *Ranza*, 793 F.3d at 1069 (internal quotation marks omitted). The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business. *See Id*. at 760. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez*, 764 F.3d at 1070 (citing *Daimler*, 134 S. Ct. at 761 n.19).

Here, Defendant's contacts with California do not exist as Defendant provides airport wheelchair assistant services only in the State of New York. There are no 'continuous and systematic' conduct or activities to render [Defendant] essentially at home in [California]." *Daimler*, 134 S. Ct. at 754. Plaintiff could never meet this test because the Defendant is not incorporated in California and does not have its principal place of business in California. *Id*. at 761-62 (holding that California courts did not have general jurisdiction over defendant DaimlerChrysler AG because it was neither incorporated in California nor did it have its principal place of business in California). The Defendant is New York corporation and has its principal place of business in New York. Moreover, Plaintiff alleges no facts showing any connection between Defendant and California, much less facts sufficient to show Defendant "at

4868-5367-8913.1 5

POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS – FRCP 12(B)(2), FRCP 12(b)(3), AND FRCP 12(B)6) OR TO TRANSFER VENUE - 28 U.S.C. §§ 1406(A) OR 1404(A)

home" in California.  As such, this Court has no general jurisdiction over Defendant. *Daimler*, 134 S. Ct. at 761-62; *Cahen v. Toyota Motor Corp.*, 2015 U.S. Dist. LEXIS 159595, at *18-23 (N.D. Cal. Nov. 25, 2015) (Orrick, J.) (applying Daimler and finding that the Court had no general jurisdiction over Ford because it was not incorporated in California, nor did it have its principal place of business in California even if Ford's business contacts with California were continuous and systematic).

### b. Defendant Does Not Have the Minimum Contacts Necessary with California that Could Ever Give Rise to Specific Jurisdiction

Specific jurisdiction, often referred to as "case-specific" or "case-linked" jurisdiction, is a much more limited form of jurisdiction because a court can hear only claims that directly arise from the non-resident defendant's contacts with the forum state. *Ranza*, 793 F.3d at 1069.

The Ninth Circuit has articulated a three-prong test for determining whether specific jurisdiction exists:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Core-Vent Corp. v. Nobel Indus*. AB, 11 F.3d 1482, 1485 (9th Cir. 1993) (citation omitted).

Because Plaintiff's choice of jurisdiction fails to meet each prong of this test, the action should be dismissed.  As to the first and second prong, Defendant does not have any contacts in the State of California and the alleged injury occurred in the State of New York.  There are clearly no facts pled to support a finding that any conduct

by Defendant was expressly aimed at California. The mere fact that Defendant provided services to passengers who arrived in New York from Los Angeles is not sufficient to establish systematic and continuous contacts in order to support jurisdictions.

Because Plaintiff cannot meet the first two prongs of the test for specific jurisdiction, the Court does not need to consider whether it would be unreasonable for a California court to exercise jurisdiction over the Defendant. Accordingly, Defendant should be dismissed from this action.

## C. DISMISSAL OF THIS SUIT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED IS WARRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

A motion to dismiss may be brought where a complaint fails to state a claim upon which relief can be granted Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698–99 (2009); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The complaint's factual allegations must show "that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2) (emphasis added). *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) ("[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.") (internal quotations and citations omitted).

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiff must make sufficient factual allegations, which if accepted as true, state a claim for relief against Defendants that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))

Plaintiff alleges that Defendant is liable for the personal injuries he suffered because Defendant allegedly violated Americans with Disabilities Act ("ADA") and the Rehabilitation Act, 42 U.S.C. § 12101, et. seq., Rehabilitation Act, 29 U.S.C. § 701, et. seq., and Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705. All three

causes of action for alleged violations of the Americans with Disabilities Act, the Rehabilitation Act fail, and the Air Carrier Access Act as a matter of law because the sole remedy for these Acts in this case is injunctive relief.

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, et. seq., like the ADA claim above, only allows for injunctive relief for claims that do not arise out of an employment context. (*See* 29 U.S.C. § 794a; *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 [No compensatory damages such as emotional distress or punitive damages available in claims involving alleged violations of section 504 of the Rehabilitation Act for non-employment based discrimination.])

The ACAA prohibits air carriers from "discriminat[ing] against an otherwise qualified individual" on the ground that the individual "has a physical or mental impairment that substantially limits one or more major life activities." However, the Court ruled that the ACAA does not create an implied private cause of action. *Segalman v. Southwest Airlines Co.*, 895 F. 3d 1219 (9th Cir. 2018). The Second, Fifth, Tenth, and Eleventh Circuits reasoned that Congress's express provision of specific administrative and judicial methods of enforcing the ACAA indicates that Congress did not also intend to create a private cause of action. *See Stokes v. Southwest Airlines*, 887 F.3d 199, 202-03 (5th Cir. 2018); *Lopez v. Jet Blue Airways*, 662 F.3d 593, 597 (2d Cir. 2011); *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1270 (10th Cir. 2004); *Love v. Delta Air Lines*, 310 F.3d 1347, 1354 (11th Cir. 2002).

Plaintiff's "defect" theory, in this case, is that Plaintiff suffered a personal injury due to Defendant's violations of the Americans with Disabilities Act, the Rehabilitation Act fail, and the Air Carrier Access Act. Dismissal is proper where an affirmative defense or other bar to relief is apparent from the face of the complaint. *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001). Here, the Complaint failed to allege any causes of action which relief can be granted in this matter, and the Complaint should be dismissed under the legal standard of a Fed. R. Civ. P. 12(b)(6) motion.

### D. IN THE ALTERNATIVE, TRANSFER OF THIS ACTION TO THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK UNDER 28 U.S.C. §§ 1406 AND 1404 IS WARRANTED

If the venue is not proper in California, the court "shall dismiss the action," or in its discretion, may transfer it to where "it could have been brought." 28 U.S.C. § 1406(a). Here, the only districts where the action "could have been brought" per 28 U.S.C. § 1391(b) are New York, where a substantial part of the events or omissions giving rise to the claim occurred and where the Defendant resides. New York is a preferred forum since the "events or omissions giving rise to the claim occurred" there as alleged in the Complaint.

Even assuming *arguendo* that venue is proper in California, this Court should still transfer the action to California based on convenience pursuant to 28 U.S.C. § 1404. Under this code section, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

In considering whether a case should be transferred for convenience, Courts may consider: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000).

In the present case, the only factors weighing in favor of a California venue is the Plaintiff's choice of forum. Indeed, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration." *Lou v. Belzberg*, 834

F.2d 730, 739 (9th Cir. 1987). All other factors strongly suggest that New York should be the appropriate venue. Most importantly, the fact that the injury occurred in New York as well as the fact that all witnesses to the underlying class action reside in New York, all suggest that New York is the proper forum. Plaintiff's entire case is predicated on the fact that he flew from Los Angeles to New York and that he resides in California. For these reasons, in the event this Court elects not to dismiss the matter, the case should be transferred to the United States District Court, Eastern District of New York.

## IV. CONCLUSION

This action and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue, Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, and Fed. R. Civ. P. 12(b)(6) for the failure to state a claim which relief can be granted. Alternatively, the action may be transferred to the United States District Court, Eastern District of New York pursuant to 28 U.S.C. § 1406, where the events or omissions giving rise to the claim occurred. Even if venue is proper in California, the court should still transfer the action to New York pursuant to 28 U.S.C. § 1404 based on convenience factors discussed above.

DATED: December 2, 2022  EDWARD W. SEO
JONG WON YANG
LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     /s/ Jong Won Yang
JONG WON YANG
Attorneys for Defendant, PAX ASSIST INC.



# FEDERAL COURT PROOF OF SERVICE
Zapata v. Delta Airlines, et al.
USDC – Central Case No. 2:22-CV-04584-MEMF-MRW

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On December 2, 2022, I served the following document(s): **NOTICE OF MOTION AND DEFENDANT PAX ASSIST INC.'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(2), FRCP 12(b)(3), AND FRCP 12(b)(6), OR IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §§ 1406(a) OR 1404(a)**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Mario C. Zapata
17922 San Fernando Mission Blvd.,
Room 110B
Granada Hills, CA 91344
Email: mczapata711@gmail.com
Tel: 917-270-4405

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on December 2, 2022, at Los Angeles, California.

/s/ Jong Won Yang
JONG WON YANG

4868-5367-8913.1

1

POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS – FRCP 12(B)(2), FRCP 12(b)(3), AND FRCP 12(B)6) OR TO TRANSFER VENUE - 28 U.S.C. §§ 1406(A) OR 1404(A)