O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ZAPATA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DELTA AIR LINES, INC., et al.,<br><br>　　　　　　　Defendants. | Case No. 2:22-CV-04584-MEMF(MRWx)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 11] |

On September 11, 2022, Plaintiff Mario Zapata, appearing *pro se*, filed a Motion for Appointment of Counsel. ECF No. 11. For the reasons set forth below, the Court DENIES the Motion.[1]

/ / /

/ / /

---

[1] The Court's ruling is based upon the briefing of the Motion for Appointment of Counsel. The Court recognizes that Zapata's ability to make the requisite showings may have changed, and may change after the Court's ruling on other pending motions.

1

## I. Background

### A. Factual Background[2]

Plaintiff Mario Zapata ("Zapata") is an individual with a disability that limits use of his left hand and arm. ECF No. 11 ("Motion" or "Mot.") at 3. He also suffers from advanced multiple sclerosis, disseminated enlarged prostate, urinary incontinence, and chronic ulcers, among other conditions. *Id*. These conditions require him to use an electric wheelchair. *Id*.

Zapata flew from Los Angeles to New York City on a flight operated by Defendant Delta Airlines, Inc. ("Delta"). Compl. at 4. On the aircraft, there was no aisle for passengers in a wheelchair to gain access to the lavatory. *Id*. at 9.

Upon arrival to John F. Kennedy Airport, the able-bodied passengers deplaned and Zapata was left on the aircraft for more than one hour. *Id*. at 4. When the attendants arrived with the wheelchair, they wheeled Zapata in a manner that caused him to fall to floor. *Id*. at 7. Before hitting the floor, a male attendant grabbed Zapata under the arms, causing him to injure his shoulder. *Id*.

### B. Procedural Background

On July 3, 2022, Zapata filed this action against Defendants Delta Airlines, Inc., Global Baggage Expediter, Inc., Global Aircraft Dispatch, Inc., and Pax Assist, Inc Compl. at 2. Zapata alleges two causes of action against Defendants: (1) violation of the Americans with Disabilities Act ("ADA"), 28 U.S.C. § 12101, *et seq*.; and (2) violation of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, *et. seq*. *See generally* Compl.

On September 11, 2022, Zapata filed the instant Motion for Appointment of Counsel. ECF No. 11 ("Motion" or "Mot."). Defendants have not submitted an Opposition to this Motion. On November 1, 2022, the Court deemed this matter appropriate for resolution without oral argument and vacated the hearing set for November 10, 2022. ECF No. 17; see C.D. Cal. L.R. 7-15.

## II. Applicable Law

28 U.S.C. § 1915(e) permits a court to "request an attorney to represent any person unable to afford counsel," and the Ninth Circuit has interpreted this provision to confer on a district court the

---

[2] The facts set forth below are taken from Plaintiff Mario Zapata's Complaint. ("Complaint" or "Compl.") ECF No. 1.

discretion to designate counsel to represent an indigent civil litigant. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The Ninth Circuit recognizes that counsel may be designated only in "exceptional circumstances." *Id.* A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Although the factors must be evaluated together before reaching a decision, neither is dispositive. *Id.*

**III. Discussion**

    **A. Zapata has not established a likelihood of success on the merits.**

In determining whether to grant a request for counsel, the court must first evaluate Zapata's likelihood of success on the merits. *Wilborn*, 789 F.2d at 1331. Zapata has not offered any argument, nor any additional evidence, showing that he has a likelihood of success on the merits. However, the Court shall independently assess the merits of Zapata's complaint below.

To establish a substantial likelihood of success on the merits, the Court must find "a fair chance of success" on each of Zapata's causes of action. *In re Focus Media Inc.*, 387 F.3d 1077, 1086 (9th Cir. 2004). Zapata alleges two causes of action against the various Defendants for: (1) violation of the Americans with Disabilities Act, 28 U.S.C. § 12101, *et seq.*; and (2) violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq*.

        i. <u>Zapata fails to show a likelihood of success on his ADA claim.</u>

Title II of the ADA states that: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The elements of an ADA claim are:

> (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

To determine whether Zapata has made a strong showing of his likelihood of success, the Court considers whether Zapata has been able to adduce *evidence* that he had a disability, he was qualified to receive the benefit of Defendants' service, that Zapata was excluded from these benefits, and that he was excluded because of his disability. Although the evidence he has adduced might tend to support his ADA claim that he has a disability and was denied proper accommodations by Defendants, Zapata has not yet been able to adduce sufficient evidence to make the requisite *strong* showing with respect to Defendants' alleged failures and that they excluded him by reason of his disability. Zapata described his physical ailments in detail (*see* ECF No. 30 ¶¶ 5–10), but he has not provided evidence that shows a strong likelihood of proving that Defendants violated the ADA as alleged.

        ii.  <u>Zapata fails to show a likelihood of success on his Rehabilitation Act claim.</u>

The elements of a Rehabilitation Act claim are: "(1) [Plaintiff] is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Duvall v. Cnty. of Kitsap,* 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001).

To determine whether Zapata has made a strong showing of his likelihood of success, the Court considers whether Zapata has been able to adduce *evidence* that he had a disability, he was qualified to receive the benefit of Defendants' service, that he was excluded because of his disability and that Defendant is program that receives federal financial assistance. Although the evidence he has adduced might tend to support his Rehabilitation Act claim that he has a disability and that Defendants receive federal funding, Zapata has not yet been able to adduce sufficient evidence to make the requisite *strong* showing with respect to Defendants' alleged failures and that they qualify as a program that receives federal financial assistance. As above, Zapata has described his ailments (*see* ECF No. 30 ¶¶ 5–10), but has not provided evidence showing a strong likelihood of proving violates of the law by Defendants.

/ / /

/ / /

### B. Zapata has not demonstrated an inability to articulate his claims based on the complexity of the issues involved.

In addition, Zapata has not made any argument as to his inability to articulate his *claims pro se*. In the absence of such argument, the Court shall independently assess the complexity of the issues raised below.

While the Court recognizes the challenges of self-representation, "[m]ost actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331. Given that Zapata's suit is premised upon a single interaction with Defendants and their staff, the complexity of the legal issues involved is not sufficient to require designation of counsel.

### C. The Ninth Circuit has not considered a plaintiff's health condition in determining whether to appoint counsel.

Zapata also argues that he will have difficulty articulating his claims *pro se* because he "is not an able-bodied person, and is not capable for himself, due to his severe disabilities from a myriad of serious medical maladies, some of which became aggravated when the plaintiff suffered injuries due to the illegal actions of defendants." Mot. at 3–4.

In determining whether to grant request for counsel, the Ninth Circuit has only considered whether a plaintiff will have difficulty articulating his claims "*in light of the complexity of the legal issues involved*." *Wilborn*, 789 F.2d at 1331 (emphasis added). The parties have not identified, and the Court is not aware of, any cases where the Ninth Circuit has held that a plaintiff's health condition should impact the determination. Furthermore, Zapata has not proffered sufficient evidence to substantiate his injuries. In order to assess Zapata's health condition, the Court would, at the very least, require further documentation from a medical professional.

### IV. Resources for Self-Represented Parties

As a result of this Order, Zapata will remain *pro se*, *i.e.*, without legal representation. He nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court cannot provide legal advice to any party, including *pro se* litigants. There is a free "*Pro Se* Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.
- Public Counsel also has extensive resources for pro se litigants at its website located at https://publiccounsel.org/services/federal-court/.
- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

### V. Conclusion

In light of the foregoing, the Court hereby ORDERS as follows:

1. The Motion for a Court Appointed Expert is DENIED WITHOUT PREJUDICE. Zapata may renew this Motion later if and when he is able to submit further evidence.

Dated: July 25, 2023

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge